UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cr-288-MOC

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| vs. | ) |  |
|  | ) | **ORDER** |
| FABIAN LOPEZ-MERCADO, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Early Termination of Probation/Supervised Release. (Doc. No. 2).

I. BACKGROUND

On or about August 28, 2013, Defendant pled guilty in the District of Puerto Rico to conspiracy to possess with intent to distribute controlled substances. (Doc. No. 1-1). Defendant was sentenced to 144 months' imprisonment, which was reduced to 126 months and 11 days, to run concurrently with Defendant's state sentences. Defendant was also sentenced to an eight-year term of supervised release. (Doc. No. 1-2). Defendant began serving his term of supervised release on September 1, 2021. Defendant's supervision is set to expire on August 31, 2029.

On October 17, 2023, Defendant filed the pending motion. (Doc. No. 2). Defendant's motion is premised on his completion of about one-quarter of his eight-year term of supervision, his "exemplary post-conviction adjustment and conduct" and "productive lifestyle by holding steady employment while supporting his family." (Id. at 2).

On October 25, 2023, this Court ordered the Government to respond to Defendant's motion. (Doc. No. 3). The Government has filed a response in which the Government opposes Defendant's motion. (Doc. No. 5).

1

## II.    DISCUSSION

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted). "One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." Id. at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Id. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). If it were, then "the exception would swallow the rule." McKay, 352 F. Supp. 2d at 361. Ultimately, the decision whether to terminate a term of supervised release is within the Court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

The Government notes in its response that Defendant's U.S. Probation Officer does not recommend early termination of supervised release. Officer Lavery believes Defendant is not an appropriate candidate for early termination, as he has not provided sufficient evidence to support the argument that his term of supervision poses a barrier for him to succeed in his stated life goals. Officer Lavery reports that Defendant has been generally compliant with the terms of

2

supervision, as he has not had any positive drug screens and appears to maintain employment. However, Defendant has engaged in low severity violations, including failure to complete his monthly reports in December 2022, January 2023, and March 2023, and failure to report police contact within 72 hours after receiving a speeding ticket on July 17, 2023.

The Court finds that Defendant will benefit from continued supervision, as the structure afforded by supervision has thus far allowed Defendant to successfully transition to civil society. Furthermore, Defendant has only served a little more than one-quarter of his eight-year term of supervised release. The Court will deny Defendant's motion without prejudice, as the interests of justice do not support early release at this time.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Early Termination of Probation/Supervised Release, (Doc. No. 2), is **DENIED** without prejudice.

Signed: December 6, 2023

Max O. Cogburn Jr.
United States District Judge